UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| TIERYN BUECHLER, and AUSTIN LEISINGER,<br><br>Plaintiffs,<br><br>vs.<br><br>SCOTT JONES,<br><br>Defendant. | 4:24-CV-04155<br><br>ORDER GRANTING DEFENDANT'S MOTION TO VACATE CLERK'S ENTRY OF DEFAULT AND DENYING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT |

Pending before the Court is Plaintiffs' Motion for Default Judgment (Doc. 9). Defendant has since answered and moved to Vacate Clerk's Entry of Default. (Doc. 18). The relevant issues have been fully briefed by the above-named parties. (Doc. 9-1; Doc. 14; Doc. 20; and Doc. 23). For the following reasons, the Court grants Defendant's Motion to Vacate Clerk's Entry of Default and denies Plaintiffs' Motion for Default Judgment.

## I.    BACKGROUND

On August 23, 2024, Tieryn Buechler and Austin Leisinger ("Plaintiffs") initiated this action for damages arising from a June 12, 2022, automobile accident. (Doc. 1, PgID 2). Plaintiffs allege negligence and are seeking compensatory damages, special damages, attorney's fees, and pre-judgment and post-judgment interest. (*Id.*, at PgID 3-4.). The Court issued a summons on August 26, 2024, and Defendant was properly served on August 30, 2024, pursuant to Federal Rules of Civil Procedure 4(e)(1) and South Dakota Codified Laws § 15-7-7. (Doc. 4; Doc. 9-1 PgID 30-31; Doc. 23 PgID 91). Defendant did not, however, file a timely answer. On September 25, 2024, Plaintiffs filed a Motion for Default Judgment, which the Court construed as a Motion for Entry of Default. (Doc. 9). One week later, on October 2, 2024, clerk entered default against

1

Defendant. (Doc. 12). That same day, Defendant answered (Doc. 10), and on October 8, 2024, Defendant moved to Vacate Clerk's Entry of Default. (Doc. 18).

Defendant argues that the entry of default should be vacated because his neglect is excusable, he has a meritorious defense, and Plaintiffs will not suffer prejudice if his motion is granted. (Doc. 23). Plaintiffs oppose Defendant's motion on all grounds and seek default judgment. (Doc. 20).

## II.     DISCUSSION

### A. Motion to Vacate Default

As a general proposition, courts disfavor default judgments, and the Eighth Circuit is no exception. *Johnson v Dayton Elec Mfg Co.*, 140 F.3d 781, 784 (8th Cir. 1998); *See also Oberstar v. F D.I C.*, 987 F.2d 494, 504 (8th Cir. 1993) ("We have frequently endorsed the strong judicial policy against default judgments....[which] goes to the fundamental fairness of the adjudicatory process."); *Johnson v. Leonard*, 929 F.3d 569, 574 (8th Cir. 2019) (noting the judicial preference for adjudication on the merits.); *Sturgis Area Chamber of Com  v. Little Sturgis Rally & Races for Charity, Inc.*, No. 08-5024, 2009 WL 10722464, at *2 (D.S.D. May 19, 2009) ("Where a defendant appears and indicates a desire to contest an action, a court may exercise its discretion to refuse to enter default, in accordance with the policy of allowing cases to be tried on the merits.").

"The court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c); *Leonard*, 929 F.3d at 573. While the factors relevant to the analysis of whether to set aside entries of default and default judgments are largely the same, "relief from a default judgment requires a stronger showing of excuse than relief from a mere default order." *Johnson*, 140 F.3d at 783. Default judgment has not been ordered in the case at bar, thus Defendant is entitled to the more lenient "good cause" standard in considering its

motion to vacate the entry of default. "To determine whether good cause exists, this court considers the: (1) blameworthiness or culpability of the defaulting party; (2) existence of a meritorious defense; and (3) prejudice to the other party by setting aside default." *Leonard*, 929 F.3d at 573 (citing *Johnson*, 140 F.3d at 784).

### 1. Blame and Culpability

In analyzing the blameworthiness or culpability of a defaulting party, the Court considers whether the default resulted from "contumacious or intentional delay," or a "marginal failure" to meet pleading deadlines. *See Johnson* 140 F.3d at 784. The Eighth Circuit has found mistakes such as faulty record-keeping and poor communication do not amount to blameworthy or culpable conduct. *See Union Pacific R R Co v Progress Rail Servs Corp* , 256 F.3d 781, 782 (8th Cir. 2001) (setting aside default judgment when default was due to faulty record keeping); *Johnson* 140 F.3d at 784 (setting aside entry of default when default attributable to poor communication).

Furthermore, "it is likely that a party who promptly attacks an entry of default…was guilty of an oversight and wishes to defend the case on the merits." *Johnson* 140 F.3d at 784; *See also Preferred Fam. Healthcare, Inc. v. Quapaw House, Inc* , No. 20-6055, 2020 WL 8184070, at *1-2 (D. Ark. Oct. 26, 2020) (finding defendant's conduct was not blameworthy when defendant answered and filed a motion to vacate eleven days after clerk's entry of default) Courts have routinely held that delays of weeks and even months do not indicate culpable behavior on their own. *See Oberstar*, 987 F.2d at 504 (concluding that a twenty-two-day delay was only a marginal failure to meet pleading deadlines); *United States v. Hare*, 983 F.2d 128, 130 (8th Cir. 1993) (holding that a twelve day delay was a marginal failure to comply with the time requirements); *Grant v City of Blytheville*, 841 F.3d 767, 772 (8th Cir. 2016) (concluding a

delay of nearly three months between the pleading deadline and motion to vacate default did not rise to blameworthy conduct).

In applying Eighth Circuit precedent to the present case, the Court concludes that the individual Defendant's delay cannot be considered blameworthy or culpable. The Defendant himself was not negligent in promptly turning over the pleading to his insurer, USAA. The negligence and resulting delay are attributable the insurer. The record suggests that the insurer has been aware of this incident and has been in contact with Plaintiffs' counsel for over two years prior to the filing of this lawsuit. (Doc. 20 PgID 76). The individual Defendant, however, first received the complaint on September 5, 2024, and on September 6, 2024, the insurer, contacted Mr. Jones and told him it would hire counsel on his behalf. (Doc. 16 PgID 68). Defendant is twenty-one years old with no legal background. Under the circumstances, it was reasonable for Defendant to rely on his insurer to handle this matter in a timely fashion.

Nevertheless, despite USAA's representation to its insured and having advance notice of the incoming lawsuit, USAA did not contact an attorney until September 27, 2024, one week after the deadline to respond had passed and two days after Plaintiff's motion for entry of default was filed. (Doc. 15 PgID 63-4). And yet, unlike in similar cases, there is no affidavit from anyone at USAA explaining what it did or did not take place. This is claimed to be an over policy limits claim, so the insurer exposed its insured by its own negligence. There is, however, no showing that the insurer's failure to act was contumacious and even if it was contumacious, that would not be charged against the insured Defendant who had promptly done his part.

Moreover, once Defendant's counsel was notified, the response was swift. Defendant immediately corresponded with Plaintiffs' counsel, and unable to reach an agreement, filed an answer less than three business days after receiving notice from USAA and twelve days after the

deadline to respond. *Id.* And on October 8, 2024, six days later, Defendant filed this motion attacking the entry of default. *Id.* Defendant's prompt action is an indication that Defendant is simply guilty of carelessness and did not engage in any contumacious conduct. This time span is also far less than other delays determined to be "marginal failures." Accordingly, the Court does not find that Defendant's conduct was blameworthy or culpable.

### 2. Meritorious Defense

A meritorious defense exists when "the proffered evidence 'would permit a finding for the defaulting party.'" *Bear v. Jumper* No. 23-5083, 2024 WL 4348289 at *2 (D.S.D Sept. 30, 2024) (citing *Johnson*, 140 F.3d at 785 (noting the evidence does not have to be undisputed) (quoting *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir. 1988))).

Defendant claims he has a meritorious defense against Plaintiffs' allegations against him. Defendant asserts he has a contributory and comparative negligence defense based on the accident report which notes that Plaintiff Tieryn Buechler's motorcycle was in sixth gear when it was towed away, indicating that she was speeding at the time of the accident. (Doc. 14 PgID 55-6; Doc. 23 PgID 96-7). If true, it could permit a finding that Ms. Buechler's fault was more than slight, and thus a Judgment in Defendant's favor. South Dakota law bars recovery when a "plaintiff's contributory negligence is more than slight compared to defendant's negligence." *Johnson v. Armfield*, 672 N.W.2d 478, 481 (S.D. 2003) (citing SDCL 20-9-2). While this in no way conclusively establishes such, for the purposes of this motion, it does raise issues on causation and damages warranting further investigation through discovery. *See Bear*, 2024 WL 4348289 at *2 ("While Defendant's defenses are not articulated in great detail, given the nature of this personal injury case, Defendant's statement on the nature of the accident raises issues on causation and damages."). That said, Defendant has not presented any evidence supporting a

5

defense of contributory or comparative negligence regarding Plaintiff Austin Leisinger. However, considering all the circumstances surrounding the accident, and in the context of the current stage of litigation, Mr. Leisinger's speed is likewise an appropriate topic for discovery.

An additional factor for this Court to consider is the amount of damages potentially at stake. *See Park Place Dev LLC v. Hightower*, No. 20-1411, 2021 WL 1943283, at *1 (E.D. Ark. Apr. 21, 2021) ("There is a strong public policy, supported by the concepts of fundamental fairness, in favor of trial on the merits...particularly when the monetary damages sought are substantial." (quoting *Swink v City of Pagedale*, 810 F.3d 791, 793 (8th Cir. 1987)). Defendant states that Plaintiffs are seeking damages in excess of $1,500,000 which, as mentioned above, is over the policy limits. Given the amount of damages at stake and the evidence presented, the Court finds the meritorious defense factor weighs slightly in favor of vacating the entry of default.

### 3. Prejudice

"Prejudice requires concrete harm, like 'loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion.'" *Leonard*, 929 F.3d at 574 (quoting *Johnson*, 140 F.3d at 785). Plaintiffs claim that they would be prejudiced if the Court were to grant Defendant's motion to vacate clerk's entry of default because "[a]llowing Defendant to extend the lifespan of this case creates a serious risk that Ms. Buecher's ability to recall important events will be diminished." (Doc. 20 PgID 80). This claim of prejudice is purely speculative, especially when considering the delay caused by Defendant is minimal relative to the lifespan of a lawsuit, and thus does not support denying Defendant's motion to vacate.

"[E]ntry of default is a drastic remedy which should only be used in extreme situations." *Sturgis Area Chamber of Com*, 2009 WL 10722464, at *2 (quoting *Wendt v. Pratt*, 154 F.R.D. 229, 230 (D. Minn. 1994)). The current case does not warrant such a drastic remedy. Given the

prompt response by Defendant, Defendant's intent to contest the case on the merits, Defendant's

lack of blame or culpability for the delay, the possible presence of a meritorious defense at least

to Ms. Buechler, the absence of prejudice to Plaintiffs, and in the interest of the concept of

fundamental fairness, the Court finds good cause to vacate clerk's entry of default. Likewise,

Plaintiffs' Motion for Default Judgment is denied.

      Accordingly, IT IS ORDERED

1. That Defendant's Motion to Vacate Clerk's Entry of Default is granted.

2. That Plaintiffs' Motion for Default Judgment is denied.

Dated this 11th day of December, 2024.

                    BY THE COURT:

                    Lawrence L. Piersol
                    United States District Judge