UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| TIERYN BUECHLER, AUSTIN LEISINGER,<br><br>    Plaintiffs,<br><br>vs.<br><br>SCOTT JONES,<br><br>    Defendant. | 4:24-CV-04155-RAL<br><br>ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL DOCKET NO. 30<br><br>AND<br><br>GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO QUASH DOCKET NO. 39 |

**INTRODUCTION**

This matter is pending before the court on plaintiffs' complaint alleging negligence against defendant in the operation of a motor vehicle. See Docket No. 1. Jurisdiction is premised on the diverse citizenship of the parties and an amount in controversy in excess of $75,000. Id. at 1. Now pending before the court is a motion to compel by plaintiffs and a motion to quash filed by defendant. See Docket Nos. 30 & 39. Both motions are opposed. See Docket Nos. 42 & 44. The presiding district judge, the Honorable Roberto A. Lange, Chief Judge, referred both motions to this magistrate judge for resolution pursuant to 28 U.S.C. § 636(b)(1)(A) and DSD LR 72.1. See Docket Nos. 33 & 41.

**FACTS**

Plaintiffs allege that they were riding separate motorcycles on June 12, 2022, in Sioux Falls, South Dakota.  They allege they encountered defendant traveling the opposite direction.  Plaintiffs allege that under circumstances where defendant had a duty to yield to plaintiffs, defendant turned in front of plaintiffs causing them to crash their motorcycles and incur physical injuries and property damages.  Defendant was 19 at the time of the accident and his mother arrived on scene and transported him home after law enforcement finished its investigation.  Defendant's mother returned the next day and took photographs of the accident scene.

Plaintiffs allege that defendant was charged with and pleaded guilty to failure to yield in connection with the accident.  Plaintiffs allege a single count of negligence against defendant in their complaint before this court.

Defendant, for his part, alleges in his answer that plaintiffs were contributorily negligent in causing their own injuries among other affirmative defenses.

Plaintiffs allege that a police report of the accident records that defendant told the investigating officer that he saw the motorcycles approaching but turned in front of them because he thought he could beat the oncoming motorcycles.  Docket No. 31 at 2.  But when plaintiffs filed this lawsuit, defendant denied liability and, at his deposition, defendant testified he believed plaintiffs had been speeding at the time of the crash.  Id.  In interrogatory answers, plaintiffs allege defendant stated under oath he did not see the

2

approaching motorcycles prior to the accident. Id. at 6. Plaintiffs indicate defendant intends to proffer expert testimony to the effect that plaintiffs are exaggerating the nature and extent of their injuries. Id. at 7.

After defendant's deposition, plaintiffs served defendant with discovery requests seeking documents memorializing defendant's communications with third parties, including defendant's mother. Id. Defense counsel thereafter indicated to plaintiffs' counsel that defendant would be admitting liability in this matter. Id. Defendant then served discovery responses to plaintiffs' discovery requests refusing to produce the documents, indicating that the discovery was no longer relevant now that defendant was admitting liability. Id. The court notes that defendant has never filed an amended answer omitting its claim of contributory negligence. Plaintiffs now seek an order from this court compelling defendant to produce the documents. See Docket No. 30.

Plaintiffs served defendant's mother with a subpoena to take her deposition. Defendant moves to quash that subpoena asserting that his admission of liability for plaintiffs' injuries makes deposing defendant's mother (to learn what statements defendant made to his mother in the immediate aftermath of the accident) irrelevant. See Docket No. 39. In addition, defendant's mother is a practicing attorney in Texas and defendant relied upon an assertion of the attorney-client privilege at his deposition to refuse to answer questions about what he said to his mother right after the accident.

**DISCUSSION**

**A.   Meet and Confer Requirement**

Before a party may file a discovery motion seeking to compel or seeking protection from discovery, the party is required to meet and confer with the party from whom the discovery is requested in a good faith effort to resolve the discovery dispute. Fed. R. Civ. P. 26(c)(1) and 37(a)(1); DSD LR 37.1. In these motions, neither party disputes that the moving party met the requirement for good faith conferral. See Docket Nos. 42 & 44.

**B.   Scope of Discovery**

Federal Rule of Civil Procedure 26(b)(1) sets forth the scope of discovery in civil cases pending in federal court:

> *Scope in General.* Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

See FED. R. CIV. P. 26(b)(1).

A party requesting the production of documents "must describe with reasonable particularity each item or category of items to be inspected." FED. R. CIV. P. 34(b)(1)(A). The responding party must allow inspection, produce copies, or object and provide a basis for that objection. Id. at (b)(2)(B)-(C). "A party must produce documents as they are kept in the usual course of

4

business or must organize and label them to correspond to the categories in the request." Id. at (b)(2)(E)(i). "The production must then be completed no later than the time for inspection specified in the request or another reasonable time specified in the response." Id. at (b)(2)(B).

The scope of discovery under Rule 26(b) is extremely broad. See 8 Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 2007, 36-37 (1970) (hereinafter "Wright & Miller"). The reason for the broad scope of discovery is that "[m]utual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession." 8 Wright & Miller, § 2007, 39 (quoting Hickman v. Taylor, 329 U.S. 495, 507-08, 67 S. Ct. 385, 392, 91 L. Ed. 2d 451 (1947)). The Federal Rules distinguish between discoverability and admissibility of evidence. FED. R. CIV. P. 26(b)(1), 32, and 33(a)(2) & (c). Therefore, the rules of evidence assume the task of keeping out incompetent, unreliable, or prejudicial evidence at trial. These considerations are not inherent barriers to discovery, however.

C. **Requests for Production of Documents**

Plaintiffs' requests for the production of documents (RFP) seek "any written communications—such as text messages, emails, letters, or other like communications" for three categories of documents: (1) communications between defendant and his mother for the four-hour period after the crash, (2) communications between defendant and his mother for any period after the

5

crash if the communication pertains to the crash or this litigation, and (3) communications between defendant and any third party for any period after the crash if the communication pertains to the crash or this litigation. See Docket No. 32-8.

Defendant objects to these discovery requests on the grounds that they are irrelevant and not proportional to the needs of the case. See Docket No. 42. Defendant does not assert the attorney-client privilege as to RFP nos. 6 & 7, which are the requests concerning documents showing communications between defendant and his mother. Id.

Regarding proportionality, defendant asserts no facts that would lead this court to conclude the discovery sought is unduly expensive or arduous to obtain. Defendant merely asserts that because he will be admitting liability the discovery is not relevant. Defendant also asserts he has no personal knowledge of plaintiffs' injuries or damages, so the discovery will not yield anything profitable for plaintiffs. Id.

Plaintiffs counter that defendant's own statements about the severity of the crash and his perception of the plaintiffs' conditions after the crash will tend to support their request for damages and, thus, those statements are relevant. See Docket No. 31 at 4.

Plaintiffs also argue that even if they accept defendant's admission of liability for purposes of trial, defendant's statements may be admissible to provide background for the jury as to why they are being expected to decide damages only. Id. at 5.

Finally, plaintiffs note that defendant has made contradictory statements about the accident, so the discovery sought is relevant to defendant's credibility and plaintiffs' impeachment of that credibility. Id. at 6. Plaintiffs assert that defendant's statements—even if they are about liability only—may be admitted at trial even if defendant has abandoned any contest as to liability. Id.

First, the court notes that defense counsel's representations aside, defendant himself has not formally admitted liability. No amended answer has been filed striking the contributory negligence defense. No stipulation has been filed with the court admitting liability.

But more to the point, plaintiffs are not required to accept defendant's admission of liability. United States v. Brickey, 426 F.2d 680, 686 (stating "A party is not required to accept a judicial admission of his adversary, but may insist on proving the fact."); Alire v. United States, 313 F.2d 31, 34 (10th Cir. 1962) (stating holding that one party was not required to accept the other party's stipulation but could instead choose to prove those facts at trial). See also United States v. Solomonson, 908 F.2d 358, 361 (8th Cir. 1990) (same). So the discovery sought is relevant for purposes of discovery. As indicated above, the Rules of Evidence will determine if any discovery obtained is admissible at the trial.

The court grants plaintiffs' motion to compel defendant to respond to their RFP nos. 6, 7 & 8. If defendant believes any portion of any document responsive to RFP 6 or 7 is protected by the attorney-client privilege, defendant

7

may redact that portion of the document and provide a Vaughn index all in accord with the rules for asserting privilege outlined in FED. R. CIV. P. 26(b)(5).

**D.     Deposition of Defendant's Mother**

Defendant asks that the deposition subpoena directed to his mother be quashed on the grounds of the attorney-client privilege. Alternatively, defendant asks for a protective order preventing plaintiffs' counsel from inquiring into subjects during the deposition that are protected by the privilege.

State law determines both the existence and scope of the attorney-client privilege in diversity actions. FED. R. EVID. 501; Gray v. Bicknell, 86 F.3d 1472, 1482 (8th Cir. 1996). Since this court has jurisdiction over the parties solely by reason of diversity of citizenship of the parties, 28 U.S.C. § 1332, the state law of privilege applies to the issue of whether the statement was privileged and whether that privilege has been waived. Id. The South Dakota state courts have addressed voluntary disclosure of information and the resulting waiver of privilege. See generally State v. Rickabaugh, 361 N.W.2d 623, 625 (S.D. 1985); State v. Catch the Bear, 352 N.W.2d 640, 647 (S.D. 1984).

A client may assert the attorney-client privilege in order to prevent disclosure of confidential communications made between the client and the client's attorney for the purpose of facilitating the rendition of professional legal services. See SDCL § 19-19-502 (2019). A client may waive the privilege if he voluntarily discloses or consents to disclose any significant part of the privileged matter. Catch the Bear, 352 N.W.2d at 647.

The burden of establishing that a particular communication is protected by the attorney-client privilege rests with the party asserting the privilege. Rickabaugh, 361 N.W.2d at 624. The burden of establishing waiver of the lawyer-client privilege is on the party asserting the waiver. See Catch the Bear, 352 N.W.2d at 647. Once a communication is deemed to come within the attorney-client privilege, courts are loathe to invade that privilege. See 8 Charles A. Wright, Arthur R. Miller, & Richard L. Marcus, Federal Practice & Procedure § 2017, p. 258 (2d ed. 1994) ("Once communications are deemed to fall within the attorney-client privilege, those communications are 'zealously protected,' ").

Here, plaintiffs do not argue that defendant waived the privilege, but they do question whether the privilege exists. In addition, even if the privilege exists between defendant and his mother, plaintiffs note that the mother responded to the scene of the accident and returned the next day to take photographs, so she may have factual information about this matter separate and apart from any statements defendant made to her.

A privilege exists when confidential communications are "made for the purpose of facilitating the rendition of professional legal services to the client." See SDCL § 19-19-502(b) (2019). A "client" is a person "who is rendered legal services by a lawyer, or who consults a lawyer with a view to obtaining professional legal services from h[er.]." Id. at (a)(1). A "lawyer" "is a person authorized . . . to engage in the practice of law in any state or nation." Id. at (a)(3).

9

As defendant points out, the fact that a lawyer is a family member does not in and of itself prevent the attorney-client privilege from attaching. See Snaza v. Student City.com, Inc., No. 09-mc-150, 2010 WL 1212046 at *2 (D.S.D. Mar. 23, 2010). Nor is it fatal that the attorney in question is not counsel of record in a lawsuit. Id. However, it is incumbent upon defendant to carry the day in his assertion of privilege to show that he and his mother engaged in "confidential communications" "with a view to obtaining professional legal services" from his mother. At present, all defendant has shown is that he (possibly) spoke to his mother and she is a lawyer. That is insufficient to invoke the privilege.

Plaintiffs may take the deposition of defendant's mother. However, the court orders that no inquiry shall be made about the substance of privileged communications between defendant and his mother. Plaintiffs shall, however, be allowed to ask about the mother's own observations of the scene as a witness, both on the day of the accident and when she returned to take photos. In addition, plaintiffs may ask about the circumstances surrounding defendant's communications with his mother—without asking about the substance of those communications—in order to determine if the privilege applies and, if so, whether defendant waived it. For example, evidence that defendant and his mother carried on communications for the purpose of obtaining legal advice in the presence of third persons not associated with the mother's legal office might suggest waiver of the privilege. Hence, questions about where, when and who was present during confidential communications

is allowed at the deposition. Questions about whether defendant ever explicitly asked his mother for legal advice are also allowable.

## CONCLUSION

Based on the foregoing discussion, it is hereby

ORDERED that plaintiffs' motion to compel [Docket No. 30] is granted. Defendants shall produce the requested documents within 15 days of the date of this order or on such date as the parties can mutually agree upon. If objections to the court's ruling on Docket No. 30 are made in accord with the NOTICE below, this order is automatically stayed until such time as the district court rules on those objections. It is further

ORDERED that defendant's motion to quash [Docket No. 39] is denied in part and granted in part in accordance with part D of the DISCUSSION section of this opinion. The parties are directed to schedule the deposition of defendant's mother within the next 30 days or on such date as the parties can mutually agree upon. If objections to the court's ruling on Docket No. 39 are made in accord with the NOTICE below, this order is automatically stayed until such time as the district court rules on those objections.

## NOTICE OF RIGHT TO APPEAL

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law. The parties have fourteen (14) days after service of this order to file written objections unless an extension of time for good cause is obtained. FED. R. CIV. P. 6(b)(1), 72(a). Failure to file timely objections

11

will result in the waiver of the right to appeal this ruling.  <u>United States v. Becerra</u>, 73 F.4th 966, 972-73 (8th Cir. 2023).  Objections must be specific in order to require review by the district court.  <u>Thompson v. Nix</u>, 897 F.2d 356, 357-58 (8th Cir. 1990).

DATED August 7, 2025.     BY THE COURT:

*[signature]*

VERONICA L. DUFFY
United States Magistrate Judge